THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SAMUEL DWAYNE DELMAST, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:21-cv-298-ALM-KPJ |
| COLLIN COUNTY, TEXAS and | § | |
| JIM SKINNER, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff Samuel Dwayne Delmast's ("Plaintiff") Motion for Leave to Amend Complaint (the "Motion") (Dkt. 16), to which Defendants Collin County, Texas, and Jim Skinner (collectively, "Defendants") filed a response (Dkt. 18) and Plaintiff filed a reply (Dkt. 19).

Plaintiff, proceeding *pro se*, filed the Original Complaint on April 13, 2021, alleging Defendants violated his constitutional right to due process. *See* Dkt. 1. On June 9, 2021, Plaintiff amended his Original Complaint. *See* Dkts. 5–7. Although styled as an amendment, the Amended Complaint (Dkt. 5) is more akin to a supplemental complaint. Like the Original Complaint, the Amended Complaint alleges constitutional violations by Defendants, but omits many of the factual allegations asserted in Plaintiff's Original Complaint; instead, including only allegations related to the confinement of a nonparty. Dkt. 13 at 1–2; *compare* Dkt. 1 *with* Dkt. 5. Notably, the Amended Complaint makes multiple references to the Original Complaint. *See* Dkt. 5 ¶¶ 4, 8; *id.* at 6.

In support of the Motion, Plaintiff argues he was unaware the Amended Complaint would render the Original Complaint "essentially dead" [Dkt. 16 ¶ 4] and he "mistakenly thought he could simply add more evidence to support the original pleadings." Dkt. 19 ¶ 4.  Plaintiff seeks

leave to file a Second Amended Complaint because he has now "prepared a more detailed account of the events that give rise to his claims against Collin County Sheriff, Jim Skinner." Dkt. 16 ¶ 4. Defendants oppose Plaintiff's Motion, claiming the Second Amended Complaint would unduly delay these proceedings, unduly prejudice the Defendants, and would be futile considering Defendants' pending Motion to Dismiss (Dkt. 13). *See* Dkt. 18 at 3–5.

Federal Rule of Civil Procedure 15(a)(2) requires courts to "freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). "[T]he language of this rule 'evinces a bias in favor of granting leave to amend,'" and "[a] district court must possess a 'substantial reason' to deny a request." *SGK Props., L.L.C. v. U.S. Bank Nat'l Assoc. for Lehman Bros. Small Balance Comm. Mortg. Pass-Through Certificates, Series 2007-3*, 881 F.3d 933, 944 (5th Cir. 2018) (quoting *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)). Undue delay, undue prejudice, and futility may, in some circumstances, provide a substantial reason to deny a motion for leave to amend. *See id.*; *Strickland v. Bank of N.Y. Mellon*, 838 F. App'x 815, 821 (5th Cir. 2020) (per curiam). Generally, however, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)).

The Court has considered the parties' arguments and finds that Plaintiff's Motion should be granted. First, the Court finds Plaintiff's Second Amended Complaint will not cause undue delay. A motion for leave is presumed to be timely if it is filed early in the litigation and before the deadline to file amended pleadings has passed. *Cinemark Holdings, Inc. v. Factory Mut. Ins. Co.*, No. 4:21-cv-11, 2021 WL 3190508, at *2–3 (E.D. Tex. July 28, 2021) (mem. op.). Plaintiff filed the Motion in the early stages of litigation: the Court has not yet held a Rule 16 management

conference or entered a scheduling order. Accordingly, granting leave to amend will not cause undue delay.

Second, the Court finds granting leave to amend will not unduly prejudice Defendants. Undue prejudice results when an amendment causes the defendant to incur "considerable delay and expense," such as requiring the defendant to reopen discovery to prepare defenses to a claim not previously alleged. *Smith*, 393 F.3d at 596. Procedurally, this case is in its infancy: a scheduling order has not been entered and the parties have not commenced discovery. The Second Amended Complaint, therefore, will not meaningfully impact the scope of discovery or otherwise cause undue prejudice to Defendants. *See, e.g., Ford v. Pa. Higher Educ. Assistance Agency*, No. 3:18-cv-2782, 2019 WL 3413472, at *2 (N.D. Tex. July 26, 2019) (mem. op.) (finding no undue prejudice where the parties had not "engaged in extensive discovery or motion practice").

Finally, Plaintiff's Motion should not be denied as futile. The Court may deny an amendment as futile if the amendment would not survive a motion to dismiss under Rule 12(b)(6). *Marucci Sports, L.L.C. v. NCAA*, 751 F.3d 368, 378 (5th Cir. 2014). However, the Court may, in its discretion, grant leave to amend to ensure the plaintiff has an opportunity to plead his "best case." *See Anokwuru v. City of Hous.*, 990 F.3d 956, 966–67 (5th Cir. 2021); *Brewster*, 587 F.3d at 768. Plaintiff's alleged misunderstanding of the superseding effect of the Amended Complaint is persuasive and weighs in favor of granting leave to amend. *See* Dkt. 16 ¶ 4. Indeed, as previously stated, Plaintiff's Amended Complaint omitted many factual allegations raised in the Original Complaint [*compare* Dkt. 1 *with* Dkt. 5] and the Amended Complaint referenced the Original Complaint multiple times. *See* Dkt. 5 ¶¶ 4, 8; *id.* at 6. Further, Plaintiff's Second Amended Complaint responds to Defendants' Motion to Dismiss (Dkt. 13) by raising factual allegations not

contained in the Amended Complaint. *Compare* Dkt. 5 *with* Dkt. 17. Under these circumstances, the Court finds Plaintiff should be granted leave to amend his complaint.

Upon consideration, the Court finds the Motion (Dkt. 16) is hereby **GRANTED**.

**IT IS THEREFORE ORDERED** that Plaintiff's Second Amended Complaint (Dkt. 17) is deemed filed and is the live complaint in this matter.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (Dkt. 13) is **DENIED AS MOOT**, as the Court will address Rule 12 motions as to the live pleadings only. Defendants shall refile a motion to dismiss, if any, within thirty (30) days.

**So ORDERED and SIGNED this 5th day of October, 2021.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE